UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MATTHEW VOUSBOUKIS,<br><br>    Plaintiff<br><br>V.<br><br>HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, AND KAYAK SOFTWARE CORPORATION LONG TERM DISABILITY BENEFIT PLAN,<br><br>    Defendants | CIVIL ACTION NO. |

**COMPLAINT**

**INTRODUCTION**

1. Plaintiff, Matthew Vousboukis ("Mr. Vousboukis") brings this action against the Defendants, Hartford Life and Accident Insurance Company ("Hartford") and the Kayak Software Corporation Long Term Disability Benefit Plan ("Plan") (collectively referred to as "Defendants"), for violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001 *et. seq*. ("ERISA"). Mr. Vousboukis is a participant in an ERISA welfare benefit plan insured and administered by Hartford.

2. Mr. Vousboukis is filing this action to recover long-term disability ("LTD") benefits due to him under the Plan, to enforce the present rights existing under the Plan, and to clarify his rights under the terms of the Plan. Mr. Vousboukis also seeks to recover attorney's fees and costs pursuant to 29 U.S.C. § 1132(g) and ERISA § 502(g) and prejudgment interest pursuant to Massachusetts law.

3. Mr. Vousboukis challenges the Defendants': 1) unreasonable and unlawful termination of Mr. Vousboukis' LTD benefits despite the substantial medical and vocational evidence demonstrating Mr. Vousboukis' qualification for said benefits; 2) repeated pattern of rejecting and failing to engage with the substantial evidence supporting Mr. Vousboukis' disability in an effort to limit Defendants' financial exposure for Mr. Vousboukis' claim; 3) failure to provide Mr. Vousboukis with a full and fair review of his claim for LTD benefits, including repeatedly ignoring information supporting Mr. Vousboukis' entitlement to benefits, as well as terminating his benefits without engaging with the evidence supporting his functional limitations and despite the lack of improvement in his condition; and 4) failure to provide a reasonable claims procedure that would yield an impartial decision on the merits of Mr. Vousboukis' LTD claim.

## JURISDICATION AND VENUE

4. Jurisdiction of the court is based upon the Employee Retirement Income Security Act of 1974 ("ERISA"), in particular, 29 U.S.C. §§ 1132(e)(1) and 1132(f). Those provisions give the district court jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee welfare benefit plan, which, in this case, consists of a group long-term disability insurance plan underwritten by Hartford for the benefit of employees of Kayak Software Corporation, which includes Mr. Vousboukis.

5. Additionally, this action may be brought before this court pursuant to 28 U.S.C. 1331, which gives the district court jurisdiction over actions that arise under the laws of the United States.

6. ERISA provides, at 29 U.S.C. § 1133, a mechanism for administrative or internal appeal of benefit denials. Those avenues of appeal have been exhausted.

7. Venue is proper in this district as Mr. Vousboukis participated in the employee benefit plan at issue within this district, many of the events and occurrences relevant to this matter occurred within this district, and the Defendants conduct business in this district. 29 U.S.C. § 1132(e)(2); 28 U.S.C. § 1391.

## PARTIES

8. Mr. Vousboukis was a resident of Massachusetts when he became disabled and began receiving benefits from Defendants under the Plan. Mr. Vousboukis is a vested participant in Defendants' employee benefit plan, within the meaning of 29 U.S.C. § 1002(2)(7). Mr. Vousboukis has standing to bring this action under 29 U.S.C. § 1132(a).

9. The defendant, Hartford, is a for-profit insurance company, with its principal place of business in Hartford, Connecticut. Hartford transacts business in Massachusetts and insures the Plan under which Mr. Vousboukis is suing.

10. At all times relevant to the claims asserted in this Complaint, Defendants purported to act as ERISA claims fiduciaries with respect to participants of the Plan generally, and more specifically with respect to Mr. Vousboukis, within the meaning of ERISA.

11. The Plan under which Mr. Vousboukis is suing is an "employee welfare benefit plan" as defined by ERISA, 29 U.S.C. §1002(1).

## STATEMENT OF FACTS

**Relevant Plan Terms.**

12. As an employee of Kayak Software Corporation, Mr. Vousboukis was eligible for LTD coverage under contract of insurance with Hartford.

13. The Plan is administered by Hartford.

14. The Plan contains a narrow definition of disability Mr. Vousboukis must meet to prove his

eligibility for benefits:

**After the first 24 months of your disability** that monthly benefits are payable, you meet the plan's test of disability on any day you are unable to work at any **reasonable occupation** solely because of an **illness**, **injury** or disabling pregnancy-related condition.

**Reasonable Occupation**
This is any gainful activity:
- For which you are, or may reasonably become, fitted by education, training, or experience; and
- Which results in, or can be expected to result in, an income of more than 60% of your **adjusted predisability earnings**.

**Limitations Which Apply to Long Term Disability Coverage**
You will no longer be considered as disabled and eligible for long term monthly benefits after benefits have been payable for 24 months if it is determined that your disability is primarily caused by:
- A mental health or psychiatric condition, including physical manifestations of these conditions, but excluding conditions with demonstrable, structural brain damage; or
- Alcohol and/or drug abuse.

15. As a result of the functional limitations imposed by his illness, Mr. Vousboukis has met his burden of proving he is unable to perform the essential duties of any reasonable occupation on a full-time basis, with or without accommodations due to a physical condition.

16. Mr. Vousboukis has met his burden of proving that he meets the Plan definition of disability and is therefore eligible for LTD benefits under the terms of the Plan.

17. Neither the Plan nor Hartford has any administrative processes and safeguards (as those terms are used in 29 C.F.R. §2560.503-1) in place to ensure and to verify appropriately consistent decision making.

18. The Plan does not confer discretion on Hartford to determine eligibility for benefits or to interpret the terms of the Plan.

19. Any discretion that may be contained in the Plan was not delegated to Hartford.

20.  The judicial standard of review of this matter is de novo.

**<u>Defendants' Conflict of Interest</u>**

21.  Hartford's financial conflict of interest as the payor of Mr. Vousboukis' benefits infected its decision to terminate Mr. Vousboukis' LTD benefits, and its handling of Mr. Vousboukis' claim.

22.  Hartford's conflict of interest is exemplified, in part, by the following: 1) its reliance on biased physicians, Drs. Edan Critchfield and Alison Baroco, to uphold its termination of Mr. Vousboukis' claim; 2) its termination of Mr. Vousboukis' claim despite the lack of improvement in his condition; 3) its deference to its own record reviewing physicians to uphold the denial of Mr. Vousboukis' benefits, while unreasonably dismissing the opinions of Mr. Vousboukis' treating physicians whose opinions were supported by independent neuropsychological testing; 4) its dismissal of the evidence submitted by Mr. Vousboukis in support of his claim; 5) its failure to address the vocational evaluations of Mr. Vousboukis' claim; and 6) its failure to conduct an independent review of all the evidence in the record, but rather to rely, entirely, upon the decisions of its reviewing physicians.

23.  Defendants failed to "conduct[] [themselves] as a true fiduciary attempting to fairly decide a claim, letting the chips fall as they may[]" in its review of Mr. Vousboukis' claim. *Lavery v. Restoration Hardware Long Term Disability Benefits Plan*, 937 F.3d 71, 79 (1st Cir. 2019).

**<u>Mr. Vousboukis' illness and application for long-term disability benefits.</u>**

24.  Mr. Vousboukis was employed by Kayak Software Corporation and insured under the Plan at the time he became disabled.

25.  Mr. Vousboukis ceased working on March 1, 2019 because his physical medical condition

resulted in symptoms that functionally limited his ability to perform the material and substantial duties of his own or any gainful occupation on a full-time basis.

26. Mr. Vousboukis subsequently applied for and was approved for LTD benefits.

27. On May 19, 2021, The Hartford terminated Mr. Vousboukis' claim for LTD benefits effective June 2, 2021, erroneously claiming his disability was subject to the Plan's two-year mental illness limitation and asserting that he does not have a physical impairment preventing him from performing the duties of any gainful occupation on a full-time basis.

28. The Hartford's assertion that Mr. Vousboukis was not disabled due to a physician condition was unreasonable and unsupported by the substantial evidence in The Hartford's possession.

29. On November 23, 2022, Mr. Vousboukis appealed The Hartford's May 19, 2021 decision to terminate his benefits.

30. Mr. Vousboukis supplemented his appeal with additional information on January 21, 2022, March 22, 2022, and May 6, 2022.

31. As part of his appeal, Mr. Vousboukis submitted medical records, affidavits describing his ongoing symptoms and disability, reports from his treating physicians documenting his ongoing functional limitations due to his physical illness, as well as independent neuropsychological testing and an independent vocational report.

32. On June 22, 2022, The Hartford provided Mr. Vousboukis with its medical reviews completed by Drs. Baroco and Critchfield for his review and response as required by ERISA's implementing regulations.

33. The Hartford, and its medical reviewers, failed to engage with the opinion of Mr. Vousboukis' treating physicians and results of the neuropsychological testing when

making the decision to terminate benefits.

34. On October 28, 2022, Mr. Vousboukis responded to The Hartford's reviews on appeal with updated clinical information, and responses from his treating physician and examining neuropsychologist.

35. On November 22, 2022, The Hartford provided Mr. Vousboukis with medical review addendums completed by Drs. Baroco and Critchfield for his review and response.

36. On December 8, 2022, Mr. Vousboukis responded to The Hartford's addendum peer reviews, detailing the errors in their reviewing physicians' reports.

37. On December 14, 2022, The Hartford upheld its termination of Mr. Vousboukis' LTD benefits.

38. Defendants review of Mr. Vousboukis' claim was adversarial in nature.

39. Defendants could have requested Mr. Vousboukis undergo a medical examination with a doctor of its choosing, as permitted by the terms of the Plan, but did not do so.

40. Defendants' final determination letter relied exclusively on Drs Critchfield and Baroco's medical reviews to uphold the termination of Mr. Vousboukis' claim, ignoring the evidence submitted by Mr. Vousboukis' treating physicians, the independent neuropsychological examination, the independent vocational evaluation, and Mr. Vousboukis' clinical evaluations, which were all consistent with Mr. Vousboukis' medical records and self-report.

**Summary of Defendants' Review of Mr. Vousboukis 's Claim.**

41. Mr. Vousboukis has exhausted his administrative remedies pursuant to 29 C.F.R. 2560.503-1(1).

42. Mr. Vousboukis' disability and eligibility for LTD benefits is based on the substantial evidence in Defendants' possession.

43. Mr. Vousboukis' condition had not changed, nor had it improved, at the time Defendants terminated his claim for benefits.

44. Since the onset of his disability, Mr. Vousboukis has been and remains unable to perform the material and substantial duties of his own or any gainful occupation due to his impairments caused by a physical condition. Since his impairments are chronic and have not improved in any material respect despite extensive treatment, there does not appear to be any reasonable likelihood of medical improvement at any time prior to the expiration date of the scheduled benefit payments. As a result, Mr. Vousboukis is entitled to the reinstatement his benefits with payment of all benefits in arrears with 12% interest, along with continuation of payments so long as he meets the Policy's definition of "disabled."

45. The Defendants and their medical reviewers arbitrarily dismissed Mr. Vousboukis' symptoms and functional limitations when they determined that Mr. Vousboukis was not disabled.

46. The Defendants failed to have Mr. Vousboukis' claim assessed by a medical provider with the appropriate credentials to evaluate his eligibility for benefits as required by ERISA's implementing regulations.

47. The Defendants failed to address or evaluate the clinical findings of Mr. Vousboukis' treating and evaluating physicians regarding Mr. Vousboukis' symptoms, restrictions, functional limitations, and disability.

48. The Defendants repeatedly and unreasonably dismissed Mr. Vousboukis' symptoms.

49. The Defendants failed to conduct a reasonable vocational review of Mr. Vousboukis' ability to perform the duties of any gainful occupation, as required by the terms of the Plan.

50. The Defendants failed to address Mr. Vousboukis' vocational review in its final determination letter, in violation of ERISA's implementing regulations.

51. Not one of the innumerable providers to examine and to treat Mr. Vousboukis concluded he was exaggerating his symptoms, or that his symptoms were incongruent with the objective testing or their findings on clinical examinations. Instead, they noted Mr. Vousboukis was vigilant in his attempts to improve his condition, attempting differing medications and therapies, including exercise, which Defendants used against Mr. Vousboukis in terminating his benefits. As the Seventh Circuit noted in *Carradine v. Barnhart,* 360 F.3d 751 (7th Cir. 2004):

   What is significant is the improbability that [the claimant] would have undergone the pain-treatment procedures that she did, which included ... heavy doses of strong drugs ..., merely in order to strengthen the credibility of her complaints of pain and so increase her chances of obtaining disability benefits; likewise the improbability that she is a good enough actress to fool a host of doctors and emergency-room personnel into thinking she suffers extreme pain; and the (perhaps lesser) improbability that this host of medical workers would prescribe drugs and other treatment for her if they thought she were faking her symptoms. Such an inference would amount to an accusation that the medical workers who treated [the claimant] were behaving unprofessionally. *Id.* at 755 (internal citation omitted).

52. The only evaluators to question Mr. Vousboukis' veracity were Defendants' file reviewing doctors, none of whom examined or spoke to Mr. Vousboukis or his treatment providers. While Defendants are permitted to defer to the opinions of their reviewing physicians, Defendants' unquestioned reliance upon their opinions despite their lack of experience with his illness, their reliance on proven false information, and their failure to consider all the evidence in the record, was unreasonable, particularly in light of the independent evaluations supporting Mr. Vousboukis' disability. Moreover, when the reviewing doctors'

opinions are factored in with Defendants' failure to address the vocational assessments of Mr. Vousboukis' claim, and its unsupported dismissal of the opinions of Mr. Vousboukis' treating providers, the only conclusion to be drawn is that Defendants' decision was arbitrary and capricious and wrong.

53. By refusing to engage with information Defendants acknowledged was thorough and required to complete its review, *i.e.*, evidence Mr. Vousboukis' symptoms impacted his functionality, Defendants proved that their financial conflict of interest impacted their decision to terminate Mr. Vousboukis' benefits and was unreasonable. *See Petrone v. Long Term Disability Income Plan for Choices Eligible Employees of Johnson & Johnson and Affiliated Cos.*, 935 F.Supp. 2d 278, 293 (D.Mass. 2013) (an "administrator cannot simply ignore contrary evidence, or engage with only that evidence which supports his conclusion.").

54. The Defendants failed to meet the minimum requirements for the termination of Mr. Vousboukis' LTD benefits, in violation of ERISA, 29 U.S.C. 1133, which requires that upon a denial of benefits, the administrative review procedure must include adequate notice in writing setting forth the specific reasons for the denial of benefits and a reasonable opportunity for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

55. Defendants failed to meet the notice requirements required by ERISA's implementing regulations. In particular, Defendants' adverse determination letters failed to articulate the basis for the decision to terminate benefits, failed to contain a full discussion of why Mr. Vousboukis' claim was terminated, and failed to detail the standard behind the decision.

56. The Defendants failed to meet the Plan's requirements for review of claims that have been terminated.

57. The Defendants failed to provide Mr. Vousboukis with a full and fair review of his claim for LTD benefits.

58. The Defendants failed to respond to Mr. Vousboukis' attempts to engage in a meaningful dialogue regarding the evaluation of his claim for LTD benefits.

59. The Defendants routinely ignored communications from Mr. Vousboukis regarding his claim for LTD benefits.

60. The Defendants relied on information it was aware was false in terminating Mr. Vousboukis' benefits.

61. The Defendants failed to engage with the objective evidence supporting Mr. Vousboukis' disability.

62. Any discretion to which Defendants may claim they entitled under the terms of the Plan is negated by its failure to provide Mr. Vousboukis with an explanation as to its adverse action as proscribed by ERISA and its implementing regulations.

63. Any discretion to which Defendants may claim they are entitled under the terms of the Plan is negated by its failure to provide Mr. Vousboukis with a full and fair review of his claim.

64. The Defendants failed to disclose all the internal guidance available to claims representatives in evaluating Mr. Vousboukis 's claims despite Mr. Vousboukis' request for this information, and despite ERISA's implementing regulations' requirement to disclose this information.

65. The decision to terminate Mr. Vousboukis' LTD benefits was self-serving, wrongful, unreasonable, irrational, solely contrary to the evidence, contrary to the terms of the Plan, and contrary to law.

66. The Defendants were influenced by their financial conflict of interest when they terminated Mr. Vousboukis' LTD benefits and failed to provide him with the full and fair review of his claim as required by law.

67. Due to the unlawful termination of benefits under ERISA, Mr. Vousboukis has lost his rightful LTD benefits. He has also suffered emotional and financial distress as a result of the Defendants' actions.

68. As a result of the termination of his claim for LTD benefits, Mr. Vousboukis has lost the use of his LTD benefits.

69. Mr. Vousboukis is entitled to restitution for the loss of his benefits at the Massachusetts statutory 12% interest rate.

**FIRST CAUSE OF ACTION**
**(Enforcement of Terms of Plan**
**Action for LTD Benefits)**
**(ALL DEFENDANTS)**

70. Mr. Vousboukis realleges each of the paragraphs above as if fully set forth herein.

71. The Plan is a contract.

72. Mr. Vousboukis has performed all his obligations under the contract.

73. 29 U.S.C. § 1132(a) states that:

   (a) A civil action may be brought ---

   1. by a participant or beneficiary –

      A. for the relief provided for in subsection (c) of this section, or

    B.  to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

74. The Defendants' actions constitute an unlawful termination of disability benefits under ERISA, as provided in 29 U.S.C. § 1132(a)(1)(B).

75. The Defendants unlawfully terminated Mr. Vousboukis' LTD benefits in part by: (1) dismissing without explanation, the substantial evidence supporting Mr. Vousboukis' claim for LTD benefits; and (2) denying Mr. Vousboukis a full and fair review of their decision to deny his claim for benefits.

76. In accordance with 29 U.S.C. §1132, Mr. Vousboukis is entitled to LTD benefits under the terms of the Plan until he is no longer disabled or reaches 67 years of age, as promised under the Plan.

77. The Defendants have refused to provide Mr. Vousboukis with his disability benefits and are, therefore, in breach of the terms of the Plan and ERISA, which require that the Defendants engage in a full and fair review of all claims and the administration of the Plan in the best interests of the participants of the Plan.

78. As a direct and proximate result of this breach, Mr. Vousboukis has lost the principal and the use of his rightful disability benefits.

**SECOND CAUSE OF ACTION**
**(Attorneys' Fees and Costs)**
**(ALL DEFENDANTS)**

79. Mr. Vousboukis realleges each of the paragraphs above as if fully set forth herein.

80. Under the standards applicable to ERISA, Mr. Vousboukis deserves to recover "a reasonable attorney's fee and costs of the action" herein, pursuant to section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g).

81. Defendants have the ability to satisfy the award.

82. Mr. Vousboukis' conduct in this action is in the interests of all participants who subscribe to the Plan, and the relief granted hereunder will benefit all such participants.

83. Mr. Vousboukis' conduct in this action is in the interests of individuals participating in ERISA plans where the plan administrators have violated ERISA's implementing regulations for their own financial benefit.

84. Mr. Vousboukis' conduct in this action is in the interests of all individuals participating in ERISA plans whose claims were denied or terminated, or benefits affected due to the inability to participate in an insurance company medical examination during the COVID-19 pandemic.

85. Mr. Vousboukis' conduct in this action is in the interests of all individuals who lack the financial ability to pursue their claims for benefits as a result of the termination of their disability benefits.

86. The Defendants have acted in bad faith in terminating Mr. Vousboukis' disability benefits under the Plan.

87. The award of attorneys' fees against the Defendants will deter others acting under similar circumstances.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff respectfully prays that the Court:

(1) Declare, adjudge, and decree that Mr. Vousboukis is entitled to LTD benefits as calculated under the terms of the Plan;

(2) Award Mr. Vousboukis disability benefits and 12% interest from the dates of the Defendants' breach of contract;

(3) Declare, adjudge, and decree Mr. Vousboukis was entitled to LTD benefits to which he is entitled as a disabled individual under the terms of the Plan;

(4) Order that the Defendants make restitution to Mr. Vousboukis in the amount of all losses sustained by Mr. Vousboukis as a result of the wrongful conduct alleged herein, together with 12% prejudgment interest;

(5) Award Mr. Vousboukis the costs of this action and reasonable attorneys' fees; and

(6) Award such other relief as the court deems just and reasonable.

Date:   December 27, 2023                Respectfully submitted for the Plaintiff,


                                         By:    /s/ Mala M. Rafik
                                                Mala M. Rafik
                                                BBO No. 638075
                                                Socorra A. DeCelle
                                                BBO No. 688197
                                                ROSENFELD & RAFIK, P.C.
                                                184 High Street, Suite 503
                                                Boston, MA 02110
                                                T: 617-723-7470 ext. 160
                                                F: 617-227-2843
                                                E: mmr@rosenfeld.com